UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

NEW JERSEY CARPENTERS FUNDS, et. al.,

                Petitioners,

    vs.                                       Civil Action No. 07-5511 (KSH)

CBC CARPET, INC.

                Respondent.               **OPINION**

**KATHARINE S. HAYDEN, U.S.D.J.**

      Petitioners New Jersey Carpenters Funds ("Carpenters Funds"), New Jersey Regional Council of Carpenters ("Carpenters Union"), and Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.C. (collectively "petitioners") filed a motion to confirm an arbitration award against respondent CBC Carpet, Inc. ("CBC"). (Docket entry # 2.) Petitioners allege CBC is subject to a collective bargaining agreement with the Carpenters Union in which CBC agreed "to remit benefit contributions to the Carpenters Funds on behalf of the bargaining unit employees." (Docket entry # 7 (Pet. Ltr. Br. at 2.) The parties also agreed "to permit an audit of its books and records so that the Funds could verify that the company was abiding by its benefit contribution obligations." (Id.) The agreement had a duration provisions, which states:

> This Agreement shall be effective as of May 1, 2000 and shall expire at midnight April 30, 2003. This Agreement shall be deemed to continue in full force and effect from year to year thereafter unless either the Union or the Employer, at least sixty (60) days before April 30, 2003, or at least sixty (60) days before any subsequent April 30th, notifies the other in writing of the desire to terminate or modify the Agreement.

(Docket entry # 7 (Aff. Of Edward O'Hare, Exhibit A at 1.1).) CBC and the Carpenters Union entered into the agreement on May 5, 2000. (Id.) Petitioners allege that CBC never terminated the agreement.

1

In 2007, CBC refused to submit to an audit. (Pet. Ltr. Br. at 2.) The Carpenters Funds scheduled a hearing before the permanent arbitrator to compel an audit. (Id.) On September 20, 2007 the permanent arbitrator, J.J. Pierson ("Pierson"), conducted a hearing with a CBC representative present and issued an award in favor of the Carpenters Union and ordered an audit of CBC. (Docket entry # 1-3.) He found that CBC "is bound to a collective bargaining agreement with the New Jersey Carpenters Funds, which requires that [CBC] submit to an audit." (Id.)

CBC responded to the motion by way of an answer to the verified petition to confirm arbitration award. (Docket entry # 5.) It claims that the Court does not have jurisdiction to confirm the award because "there is no current collective bargaining agreement" between CBC and the Carpenters Union. (Ans. ¶ 2.) In his affidavit, Joseph Weber, president of CBC, explains that he believed the agreement lasted for only one year and there would be no renewal without their approval. (Aff. of Joseph Weber ¶¶ 1-2.) CBC claimed it had not used union workers since May 2001 and is not listed in either the Carpenters Funds' 2007 business directory or in the 2005 NJ Union Flooring Directory, which is issued by the Carpenters Union. (Aff. of Frederick R. Dunne ¶ 3.) CBC made these same claims before the arbitrator at the September 20, 2007 hearing. (Pet. Ltr. Br. at 3.) CBC also claims it was not represented by counsel at the arbitration hearing. (Aff. of Frederick R. Dunne ¶ 3.)

A court must enforce a labor arbitration award that "draws its essence from the collective bargaining agreement." News America Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990) (quotations and citations omitted). See also Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs, 357 F.3d 272, 280 (3d Cir. 2004). The court may not "overrule an arbitrator simply because it disagrees with the arbitrator's conclusions . . . ." News America Publications, Inc., 918 F.2d at 24. Rather, "there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." Id. The Third Circuit noted that "the test used to probe the validity

of a labor arbitrator's decision is a singularly undemanding one." Id. "[A]rbitration awards enjoy a strong presumption of correctness." Major League Umpires Ass'n, 357 F.3d at 280. The role of the court is not to correct legal or factual errors. Id. at 279. But an award can be vacated "if the arbitrator demonstrates manifest disregard for the CBA." Id. Manifest disregard is established if the arbitrator's decision is without any support in principles of contract construction. Id.

The Court has reviewed the arbitrator's award and finds that it draws its essence from the collective bargaining agreement. CBC claims that it was not subject to the agreement. The arbitrator found that CBC was subject to the collective bargaining agreement and therefore must submit to an audit. (Arbitration Award and Order against CBC.) CBC has not raised any evidence to show that the arbitrator demonstrated manifest disregard for the agreement. It simply disagrees with the arbitrator's conclusion that the agreement applies to it.

In addition, CBC has not demonstrated how a lack of counsel at the arbitration hearing provides a basis for this Court to vacate the award. CBC has not cited any authority for this proposition. In fact, other courts have held that a lack of counsel is not sufficient for vacating an award. See Eastern Associated Coal Corp. v. United Mine Workers, Local 1503, No. 92-1943, 1993 U.S. App. LEXIS 11501 (4th Cir. May 17, 1993)(holding "arbitrator's award did not infringe on any Sixth Amendment right to counsel" even when an employee was subject to criminal investigation and could not have an attorney at the arbitration hearing).

The Court confirms the arbitration award against CBC and will enter the order and judgment submitted by Petitioners.

Dated: 2/28/08                                          /s/Katharine S. Hayden
                                                        Katharine S. Hayden
                                                        United States District Judge